1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (ST. BAR #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Facsimile:  (415) 392-1978

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE SHEET METAL WORKERS)   NO. C 07 5056 PJH
   LOCAL 104 HEALTH CARE PLAN, BOARD OF        )
12 TRUSTEES OF THE SHEET METAL WORKERS PENSION )
   TRUST OF NORTHERN CALIFORNIA, SHEET METAL   )
13 WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS )   COMPLAINT
   PLAN; ANTHONY ASHER, TRUSTEE,               )
14                                             )
                      Plaintiffs,              )
15                                             )
            vs.                                )
16                                             )
   TRI-R-STEEL FABRICATION INC., a California  )
17 corporation                                 )
                                               )
18                    Defendant.               )
   _____)
19

20

21      Plaintiffs complain of defendant and for a cause of action

22 alleges that:

23          1.   Jurisdiction of this Court is founded upon Section 301

24 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)]

25 and Section 502 of the Employee Retirement Income Security Act of

26 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C.

27 §1132), in that defendant has violated a collective bargaining

28 agreement and certain Trust Agreements, thereby violating the

**COMPLAINT**                              **1**
C:\WP DOCS\COMPLAINTS\SHEET METAL\VAGUE-KNOWN AMT-CORRECT PLNTF NAME-NEWEST LANGUAGE 104

1 provisions of ERISA and the provisions of the National Labor Relations

2 Act of 1947.   This action is also brought pursuant to the Federal

3 Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual

4 controversy between plaintiffs and defendant, and for a Judgment that

5 defendant pay fringe benefit contributions in accordance with its

6 contractual obligations.

7         2.    Plaintiffs Boards of Trustees of the Trust Funds named

8 in the caption (hereinafter "Trust Funds") are trustees of employee

9 benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of

10 ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer

11 plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C.

12 §§1002(37) and §1145.  Plaintiff Anthony Asher is a trustee.  Said

13 Trust Funds are authorized to maintain suit as independent legal

14 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

15         3.    Plaintiffs are informed and believe and thereupon

16 allege that defendant, TRI-R-STEEL FABRICATION INC., a California

17 corporation,  resides and does business in Brisbane, California.

18 Performance of the obligations to pay fringe benefits set forth in the

19 collective bargaining agreement is in this judicial district.  ERISA

20 specifically authorizes Trust Funds to bring this action in the

21 district where the plans are administered, 29 U.S.C. §1132(e)(2); the

22 plans are administered in the Northern District of California.

23         4.    Each and every defendant herein is the agent of each

24 and every other defendant herein.  Defendants and each of them are

25 engaged in commerce or in an industry affecting commerce.

26         5.    At all times pertinent hereto, defendant was bound by

27 a written collective bargaining agreement with Sheet Metal Workers

28 Local Union No. 104, a labor organization in an industry affecting

**COMPLAINT**                                    2
C:\WP DOCS\COMPLAINTS\SHEET METAL\VAGUE-KNOWN AMT-CORRECT PLNTF NAME-NEWEST LANGUAGE 104

1 commerce.  The aforesaid agreement provide that defendant shall make

2 contributions to the TRUST FUNDS, on behalf of defendant's employees

3 on a regular basis on all hours worked, and that defendant shall be

4 bound to and abide by all the provisions of the respective Trust

5 Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter

6 the "Trust Agreements").

7         6.    The Trust Funds rely upon a self reporting system.

8 Defendant has unique knowledge of the amounts of contributions that

9 it is liable to pay each month, and has a fiduciary obligation to

10 accurately report the amount to the Trust Funds.

11        7.    Defendant has breached both the provisions of the

12 collective bargaining agreement and the Trust Agreements above

13 referred to by failing to complete and send in monthly reports and/or

14 to pay all moneys due thereunder on behalf of defendant's employees

15 to the TRUST FUNDS.  Said breach constitutes a violation of ERISA (29

16 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

17        8.    Pursuant to the terms of the collective bargaining

18 agreement there is now due, owing and unpaid from defendant to the

19 TRUST FUNDS contributions for hours worked by covered employees for

20 the months of July 2007 forward and failure to pay fringe benefits

21 contributions in a timely manner since March 2007.  Liquidated damages

22 and interest are specifically provided for by said agreements and are

23 now due and owing.  The total amount due is unknown; additional

24 monthly amounts will become due during the course of this litigation

25 and in the interest of judicial economy, recovery of said sums will

26 be sought in this case.  Interest is due and owing on all principal

27 amounts due and unpaid at the legal rate from the dates on which the

28 principal amounts due accrued.

**COMPLAINT**                                              3

1        9.    An actual controversy exists between plaintiffs and

2  defendant in that plaintiffs contend that plaintiffs are entitled to

3  a timely monthly payment of trust fund contributions now and in the

4  future pursuant to the collective bargaining agreement and the Trust

5  Agreements, and defendant refuses to make such payments in a timely

6  manner.

7        10.   The Trust Funds do not at this time seek to audit the

8  books  and  records  of  defendant.   The  only  issue  raised  in  this

9  complaint  is  defendant's  failure  to  complete  and  file  voluntary

10 monthly reports and pay the contributions due.  The Trust Funds seek

11 to obtain a judgment for any outstanding delinquent contributions

12 based  on  defendant's  reports  and  to  reserve  the  right  to  audit

13 defendant for this or any other unaudited period.

14       11.   The Trust Agreements provide that, in the event suit

15 is instituted to enforce payments due thereunder, the defendant shall

16 pay court costs and reasonable attorneys' fee.  It has been necessary

17 for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,

18 as  attorneys  to  prosecute  the  within  action,  and   reasonable

19 attorneys'  fee  should  be  allowed  by  the  Court  on  account  of  the

20 employment by plaintiff of said attorneys.

21       WHEREFORE, plaintiffs pray:

22       1.  That the Court render a judgment on behalf of plaintiffs

23 for all contributions due and owing to the date of judgment based upon

24 unaudited reporting forms, plus liquidated damages provided for by the

25 contract,  interest  at  the  legal  rate,  reasonable  attorneys'  fees

26 incurred in prosecuting this action and costs.

27       2.   That the Court enjoin the defendant from violating the

28 terms of the collective bargaining agreements and the Trust Agreements

**COMPLAINT**                                    **4**
C:\WP DOCS\COMPLAINTS\SHEET METAL\VAGUE-KNOWN AMT-CORRECT PLNTF NAME-NEWEST LANGUAGE 104

1 | for the full period for which defendant is contractually bound to file

2 | reports and pay contributions to the TRUST FUNDS.

3 |         3.  That the Court reserve plaintiffs' contractual right to

4 | audit defendant for months prior to judgment, and in the event of such

5 | audit, collect any additional sums which may be due.

6 |         4.  That the Court retain jurisdiction of this cause pending

7 | compliance with its orders.

8 |         5.   For such other and further relief as the Court deems

9 | just and proper.

10 | DATED: September 27, 2007          ERSKINE & TULLEY
                                       A PROFESSIONAL CORPORATION

11 |

12 |
                                       By:/s/Michael J. Carroll
13 |                                        Michael J. Carroll
                                           Attorneys for Plaintiffs
14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**COMPLAINT**                                        5

C:\WP DOCS\COMPLAINTS\SHEET METAL\VAGUE-KNOWN AMT-CORRECT PLNTF NAME-NEWEST LANGUAGE 104